GEORGE HAYS v. THE STATE.

No. 3314.   Decided February 14, 1906.

**1.—Local Option—Evidence—Declarations of Third Parties.**

Upon a trial for a violation of the local option law, there was no error in admitting testimony over objection of defendant as to a conversation which had taken place between H. and C., two of the State's witnesses, in which H. told C. that the defendant had whisky, and asked C. whether he wanted some of it, whereupon C. handed H. 50 cents to be given to the defendant for the whisky; the State having first proved by H. that defendant had consented to said conversation between said two witnesses and knew the purport thereof. Held, that the matter was so connected up that it became relevant testimony, although it occurred out of defendant's hearing; especially as this issue was properly submitted by a requested charge.

**2.—Same—Sufficiency of Evidence—Sale.**

Upon a trial for a violation of the local option law, where the evidence showed that defendant received 50 cents from the alleged purchaser of the whisky, with full knowledge of the fact that it was the purchaser's money and was given to defendant by a third party for the purpose of obtaining the whisky, the verdict was sustained, although defendant contended that said third party gave the 50 cents to pay a former debt he owed the defendant.

Appeal from the County Court of Hill. Tried below before Hon. N. J. Smith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law. The State's case was made out by the testimony mainly of the witness Hill. His evidence is to the effect that on the 10th of May, he ascertained from appellant that he had some whisky, and would let witness have a quart. Witness told appellant he did not want a quart, that he only wanted a pint, but pointed out Lum Curry (the alleged purchaser) remarking that Curry would probably take a pint; that he went over to Curry—out of hearing but in sight of defend-

ant, and informed Curry he could get a pint of whisky, if Curry would agree to take it, and he gave witness Hill 50 cents. Hill returned to appellant and gave him the money, and told appellant that Curry wanted a pint of whisky. In the evening, witness and appellant were in appellant's wagon, went by the express office, and got a package of whisky of four quarts. After getting the whisky, they stopped at a seed-house, opened it up, Curry went where they were, and witness Hill took two half-pint bottles given him by Curry, filled them from one of the bottles, which had been opened, and gave them to Curry. On cross-examination he stated that he had borrowed a dollar from appellant, and had previously paid him 50 cents, and on the day in question paid him another 50 cents. He further stated that Hays never sold him (witness) any of the whisky, and he never intended to sell any of the whisky at all. Curry testified practically as did Hill, except that he did not know anything about Hill paying appellant any money. Appellant testified in his own behalf, and denied having sold to Hill, Curry or anybody else any whisky. He denied getting a dollar from Hill and said he only paid him a half dollar, and that was the remainder of the dollar he had previously loaned him. He stated that when Curry came to where they had opened the bottle, that Hill remarked, he was going to let Curry have some of the whisky; that he was related to him; that he (appellant) made no objection, as Hill had been very clever to him about letting him have whisky, and if he wanted to give some of this to Curry, it was all right. He denied selling Curry any of the whisky; and further stated that he had never sold whisky to any one in his life. Hill re-introduced, denied stating to appellant that he wished to give Curry whisky and further denied that he had ever told appellant that Curry was his kinsman. Curry also denied hearing any statement made by Hill to appellant about letting him (Curry) have any whisky, or that Curry was in any way related to Hill. As a matter of fact, he was not related to him. He says, if any such conversation occurred he did not hear it. This is practically the case.

A bill of exceptions was reserved to the following testimony of the witness, Curry: "On or about the 10th day of May, Bob Hill came to me, defendant not being present, and asked me if I wanted some whisky. I told him that I would like to have a pint. He stated that George Hays had some whisky, and that we could go in together and get a quart. I told him all right, I would take a pint, and I gave Bob Hill 50 cents for him to give to Geo. Hays for the whisky." Hill, over objection, was permitted to testify to the same facts. These bills are qualified by the trial judge to the effect, that when this testimony was first offered, it was excluded. But at a later stage of the trial, and after the State had proved by Hill that he (Hill) had approached Curry at the instance of and by the consent of appellant, and had obtained 50 cents from Curry, which appellant had accepted with the understanding that Curry had given it with the expectation of obtaining a pint of whisky from Hays, and after the State had proved by both Hill and

Curry that Curry had obtained a pint of whisky, without further explanation being made when appellant and witness Curry and Hill were all present together ot the seed-house, said whisky being a part of the whisky obtained from the express office by defendant, Hays, none of which shipment had been previously ordered by either Hill or Curry; and after the State had proved these things, the court permitted the State to prove by witness Hill and Curry, the conversation between said witnesses, etc. Exceptions was reserved. As explained, we believe this evidence was properly admitted. The matter was so connected up that it became relevant testimony. The court sufficiently submitted the issues made by the testimony: especially in the requested special charges asked by appellant, which were given.

It is earnestly contended that this evidence is not sufficient. If the testimony of Hill can be relied on, we believe that, taken with the other facts, the jury were warranted in arriving at their conclusion of guilt. The evidence makes it at least reasonably certain that Hill got 50 cents from Curry. It is certain that he gave appellant 50 cents. Hill thinks he gave appellant a dollar. If he did not give him a dollar, and only gave him the 50 cents gotten from Curry, it may be a fact that Hill used Curry's 50 cents to pay the debt he owed appellant, and took advantage of the generosity of appellant, and used whisky of appellant to pay Curry back the 50 cents, without appellant's knowledge of that fact. And if appellant's testimony is true, it would seem that that conclusion would be correct. But the conclusion of guilt is warranted from Hill's testimony, taken in connection with the other facts. If Hill has not committed perjury, then appellant is guilty, because Hill swears positively that appellant took Curry's 50 cents with full knowledge of the fact that it was Curry's money, and for the purpose of obtaining that amount of whisky.

Finding no error in the record, authorizing a reversal, the judgment is affirmed.

*Affirmed.*